IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JUSTIN P. RAMZY and ALICIA Y. SPEARMAN, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | |
| | * | |
| COLUMBUS CONSOLIDATED GOVERNMENT, MUSCOGEE COUNTY SHERIFF'S OFFICE, and JOHN T. DARR, *individually and in his official capacity*, | * * * * | CASE NO. 4:15-CV-2 (CDL) |
| Defendants. | * | |

O R D E R

Plaintiffs Justin Ramzy and Alicia Spearman are former employees of the Muscogee County Sheriff's Department. They assert that their supervisors discriminated against them because of their race and retaliated against them for engaging in protected activities. Defendants Sheriff John Darr and Columbus Consolidated Government ("CCG") filed a motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c). As discussed below, the motion (ECF No. 11) is granted in part and denied in part.[1]

---

[1] In response to Defendants' motion, Plaintiffs referred to facts that were not included in their Complaint, and they requested leave to amend their Complaint to include those additional allegations. The Court grants that leave, and Plaintiffs shall electronically file their Amended Complaint within seven days of today's Order. In ruling on the motion for judgment on the pleadings, the Court considered the allegations to be included in Plaintiffs' Amended Complaint.

JUDGMENT ON THE PLEADINGS STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). In evaluating a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." *Id.* "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.*

FACTUAL ALLEGATIONS

Plaintiffs allege the following facts in support of their claims. The Court must accept these allegations as true for purposes of the pending motion.

Ramzy and Spearman worked for CCG and the Muscogee County Sheriff on the medical team at the county jail. Both Ramzy and Spearman are black. They allege that they were subjected to "racial slurs, racial segregation," and other "continuous" harassment by their supervisors. Compl. ¶ 59, ECF No. 1. In 2012, Plaintiffs filed complaints accusing their supervisor of racial discrimination. They also complained to Sheriff's Department leadership and CCG's human resources department about

2

alleged racial discrimination that led to disparities between black and white medical staff employees "in terminations, discipline, promotions, assignments, overtime, and reorganization decisions."  *Id.* ¶ 27.  In January 2013, Plaintiffs filed a discrimination complaint with the United States Justice Department alleging discrimination against black employees and inmates, as well as "falsification of patient mental health information" and mishandling of inmates' accounts. *Id.* ¶ 28.

In October and December 2012, Ramzy's pay was docked after he followed what he contends is a "common practice" of using photocopied forms to record patient vital information.  *Id.* ¶¶ 33-36.  He was later terminated for this alleged infraction in March 2013.  *Id.* ¶ 37.  Ramzy alleges that individuals outside his protected class used the same practice.  *Id.* ¶ 33. Spearman provided documentation of the practice to an internal investigator to show that Ramzy was being treated unfairly.  *Id.* ¶¶ 35, 38.

Spearman alleges that after she complained of racial discrimination and retaliation, she was not permitted to apply for two promotions.  *Id.* ¶¶ 40-42.  She further alleges that less qualified white employees were permitted to apply for the promotions.  *Id.*  Spearman was terminated on September 30, 2013.

Plaintiffs brought the following claims against Defendants: (1) race discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1983/the Equal Protection Clause of the Fourteenth Amendment, and 42 U.S.C. § 1981; (2) racial hostile work environment claims under Title VII, § 1983/the Equal Protection Clause, and § 1981; (3) § 1983 First Amendment retaliation claims, and (4) claims under the Georgia Whistleblower Act, O.C.G.A. § 45-1-4. Plaintiffs also invoke the Thirteenth Amendment and the "State of Georgia Human Rights Law." Compl. ¶¶ 45, 81(a).

## DISCUSSION

Defendants Darr and CCG seek dismissal of the following claims: (1) all Title VII claims; (2) Equal Protection discrimination and First Amendment retaliation claims based on alleged adverse employment actions that occurred prior to January 5, 2013; (3) race discrimination and racial harassment claims; (4) Equal Protection retaliation claims; (5) Georgia Whistleblower Act claim; (6) Thirteenth Amendment claim; and (7) "State of Georgia Human Rights Law" claim. The Court addresses each claim in turn.

**I. Title VII Claims**

Defendants contend that Plaintiffs' Title VII claims should be dismissed as untimely. A person with a Title VII claim may

file a civil action after exhausting administrative remedies. The complaint must be filed ninety days after the plaintiff receives a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1). If the plaintiff does not meet this deadline, his Title VII claims must be dismissed as untimely. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233-34 (11th Cir. 2002). And if a "defendant contests this issue, the plaintiff has the burden of establishing that he met the ninety day filing requirement." *Id.* at 1234.

Ramzy and Spearman's right-to-sue letters from the EEOC both contain a "Date Mailed" of September 30, 2014, and they were both sent to the same address. Compl. Attach. 2, Ramzy Right-to-Sue Letter, ECF No. 1-2; Compl. Attach. 3, Spearman Right-to-Sue Letter, ECF No. 1-3. Spearman asserts that the EEOC actually mailed her right-to-sue letter on October 2, 2014 and that she received it on October 4, 2014. Spearman Aff. ¶ 1, ECF No. 15-1. Thus, she was required to file her Complaint by January 2, 2015. She did not, so her Title VII claims are barred as untimely.

Ramzy did not present any evidence of when he received his right-to-sue letter. The letter states that it was mailed on September 30, 2014, and Plaintiffs filed their Complaint ninety-seven days later, on January 5, 2015. Ramzy appears to argue

5

that the Court should presume he received his letter when Spearman received hers. Even if the Court presumed that Ramzy received his letter on the same day Spearman received hers, he was required to file his Complaint by January 2, 2015. He did not, so his Title VII claims are barred as untimely.

## II. Claims Based on Adverse Employment Actions that Occurred Prior to January 5, 2013

Defendants contend that Plaintiffs' § 1983 Equal Protection discrimination and First Amendment retaliation claims based on alleged adverse employment actions that occurred prior to January 5, 2013 should be dismissed as untimely. The Court agrees.

The statute of limitations "for all section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries." *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Plaintiffs filed their Complaint on January 5, 2015. Therefore, any alleged adverse employment action that occurred prior to January 5, 2013 is time-barred. Plaintiffs appear to argue that their claims based on pre-January 5, 2013 employment actions are not time-barred because they are continuing violations that continued after January 5, 2013. But for statute of limitations purposes, "continuing violations" do not include "discrete discriminatory acts," like failure to promote, that occurred outside the statute of

6

limitations. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002). Discrete discriminatory acts "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* at 113 (2002). "Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.*

Plaintiffs' claims based on alleged adverse employment actions that occurred prior to January 5, 2013 are dismissed. These claims include Ramzy's claims based on his docked pay in 2012 and any promotion Spearman claims she was denied prior to January 5, 2013.[2]

**III. Race Discrimination and Harassment Claims**

Defendants argue that Plaintiffs' Complaint fails to state a claim for race discrimination and racial harassment under § 1981 and § 1983/Equal Protection Clause. Accepting Plaintiffs' allegations as true and viewing those facts in the light most favorable to Plaintiffs, the Court disagrees. Ramzy alleges that he was disciplined and ultimately fired for following a process that similarly situated employees outside his protected class also followed but were not disciplined for

---

[2] Spearman alleges that she was denied two promotions. Defendants pointed to Spearman's EEOC charge, which alleges that one of the denied promotions occurred in September 2012. There is no allegation regarding the other denied promotion, but Spearman asserted in her opposition to the motion for judgment on the pleadings that it occurred on February 19, 2013. The Court grants Spearman leave to amend her Complaint to clarify her allegations on this point.

7

following.[3]  Spearman alleges that she was denied a promotion while a less qualified white employee was promoted.  Finally, Plaintiffs allege that they were subjected to "racial slurs, racial segregation," and other "continuous" harassment by their supervisors that caused them extreme emotional distress and culminated in their terminations.  Compl. ¶¶ 59, 61, 74, ECF No. 1.  These allegations are sufficient to state claims for racial discrimination and harassment to the extent that they are not time-barred pursuant to the Court's preceding ruling.

IV. **Equal Protection Retaliation Claims**

Defendants argue that Plaintiffs' Equal Protection retaliation claims should be dismissed because the law does not recognize such a claim.[4]  The Court agrees.  The Eleventh Circuit has concluded that "[a] pure or generic retaliation claim . . . simply does not implicate the Equal Protection Clause." *Watkins v. Bowden*, 105 F.3d 1344, 1354-55 (11th Cir. 1997) (per curiam).  As the Eleventh Circuit noted, "[t]he right to be free from retaliation is clearly established as a *first amendment* right and as a *statutory* right under Title VII; but no clearly

---

[3] In the Complaint, Ramzy did not specifically allege that the similarly situated employees outside his protected class were of a different race.  In his response to the motion for judgment on the pleadings, Ramzy asserted that the similarly situated employees were white.  Ramzy may amend his Complaint to clarify this claim.

[4] Plaintiffs did not respond to this argument.  Instead, in response to Defendants' motion for judgment on the pleadings on their Equal Protection retaliation claim, Plaintiffs cite authority regarding First Amendment retaliation claims.

8

established right exists under the *equal protection* clause to be free from retaliation." *Ratliff v. DeKalb Cty.*, 62 F.3d 338, 340 (11th Cir. 1995). This is not to say that Plaintiffs may not bring timely § 1983/First Amendment or § 1981 retaliation claims; Plaintiffs simply may not do so under the Equal Protection Clause.

**V.   Georgia Whistleblower Act Claims**

Defendants argue that Plaintiffs' Georgia Whistleblower Act claims are untimely.[5] The Court agrees. Claims under the Georgia Whistleblower Act must be brought "within one year after discovering the retaliation." O.C.G.A. § 45-1-4(e)(1). Ramzy alleges that Defendants retaliated against him by terminating him on March 8, 2013. And Spearman alleges that Defendants retaliated against her by taking various actions against her in 2013. Accordingly, Plaintiffs were required to file their Georgia Whistleblower Act claims in 2014. They did not, so those claims are time-barred.

**VI.  Thirteenth Amendment and "State of Georgia Human Rights Law" Claims**

To the extent Plaintiffs are attempting to assert claims under the Thirteenth Amendment and "State of Georgia Human Rights Law," Defendants seek to dismiss those claims.[6] Plaintiffs did not make any factual allegations that they were

---

[5] Plaintiffs did not respond to Defendants' motion on this point.
[6] Plaintiffs did not respond to Defendants' motion on this point.

9

forced into slavery or involuntary servitude, so their Thirteenth Amendment claims are dismissed.  With regard to their "State of Georgia Human Rights Law" claim, Plaintiffs did not explain what statute they are trying to invoke.  Defendants surmise that Plaintiffs are attempting to bring claims under the Fair Employment Practices Act of 1978, O.C.G.A. § 45-19-20, *et seq.*, which prohibits racial discrimination against public employees.  Plaintiffs, however, do not allege that they exhausted their administrative remedies as required by O.C.G.A. § 45-19-36, so their "State of Georgia Human Rights Law" claim is barred.

## CONCLUSION

As discussed above, Defendants' motion for partial judgment on the pleadings (ECF No. 11) is granted in part and denied in part.  The Court denies Defendants' motion for judgment on the pleadings as to Plaintiffs' § 1981 and § 1983/Equal Protection race discrimination and Plaintiffs' § 1981 racial harassment claims.  The Court grants Defendants' motion for judgment on the pleadings as to Plaintiffs' (1) Title VII claims; (2) § 1983 Equal Protection and First Amendment retaliation claims based on alleged adverse employment actions that occurred prior to January 5, 2013; (3) Equal Protection retaliation claims; (4) Thirteenth Amendment claims; and (5) "State of Georgia Human Rights Law" claims.

Plaintiffs shall file their Amended Complaint within seven days of today's Order to include the additional allegations regarding the claims that have survived today's partial judgment on the pleadings.[7]

The Court previously stayed discovery pending resolution of Defendants' motion for judgment on the pleadings. That stay is lifted. Within fourteen days of today's Order, the parties shall submit a proposed Amended Scheduling and Discovery Order that complies with the deadlines outlined by the Court in its docket entry dated May 27, 2015.

IT IS SO ORDERED, this 5th day of October, 2015.

S/Clay D. Land<br>
CLAY D. LAND<br>
CHIEF U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA

---

[7] Plaintiffs shall not be permitted to amend their complaint in an attempt to resurrect claims that have been dismissed by today's Order. But they may amend their complaint to include the additional allegations referred to in their response to Defendants' motion for judgment on the pleadings relating to their race discrimination and racial harassment claims.

11